ROGERS, J.,
concurring.
I concur in the result and in all but Part III.B of the majority opinion. It is not *389 clear to me that contracting with others to make fundraising calls is categorically not protected under the First Amendment. However, reversal is required because the City’s interest in efficient governance outweighed the plaintiffs’ interest in conducting fundraising activities via telemarketing.
The action in question is not only the plaintiffs’ signing of a contract with Fire-Co, but also includes the content of the calls made under that contract. The content of the calls is what, after all, prompted city officials to meet with the plaintiffs and demand that all confusion resulting from the calls cease. In Cockrel v. Shelby County School District, 270 F.3d 1036, 1048-50 (6th Cir.2001), by comparison, we held that a teacher who was sanctioned for the content of a classroom presentation had engaged in speech in spite of the fact that she did not deliver the presentation. Further, whether the activity is the contracting or the content of the calls, the activity was arguably within the category of protected speech by virtue of being unrelated to government employment and made on the employees’ own time. See Scarbrough v. Morgan Cty. Bd. of Educ., 470 F.3d 250, 256-57 (6th Cir.2006).
Reversal is warranted at the second step of Pickering balancing, however, because the plaintiffs’ interest in engaging in the fundraising campaign did not outweigh the City’s interest in promoting efficient public services and preserving the reputation of city government. Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205, Will Cnty., Illinois, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). The City had to devote personnel hours to responding to complaints and confusion resulting from the calls, and the plaintiffs were either unable or unwilling to resolve the confusion through a revised call script or alternative campaign. Therefore, reversal is appropriate on the grounds that the plaintiffs’ interest in conducting fundraising in this manner did not outweigh the City’s interest in efficient use of government resources or in preserving its municipal reputation.